UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARL MOLANO,

        Plaintiff,

v.

KIFLE MELISSE,

        Defendant.

Case No. 25-cv-00723-DMR (PR)

**ORDER OF SERVICE**

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the California State Prison - Sacramento, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendant was deliberately indifferent to Plaintiff's medical needs while he was at San Quentin State Prison ("SQSP"), where he was formerly incarcerated. In his complaint, Plaintiff names Defendant Kifle Melisse, a SQSP Psychiatric Technician. Plaintiff seeks monetary and punitive damages. Dkt. 1 at 11.[1]

This matter has been assigned to the undersigned Magistrate Judge. Dkt. 3. His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order. Dkt. 2.

Venue is proper because the events giving rise to the claims are alleged to have occurred at SQSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

§ 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.    Deliberate Indifference to Serious Medical Needs

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104).  A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff alleges that on January 17, 2023, Defendant, who was in charge of handing out medications to inmates in the East Block at SQSP, gave Plaintiff antipsychotic medication prescribed to another inmate.  Dkt. 1 at 5-7.  Plaintiff took the medication.  *Id.* at 7.  A few minutes later, Defendant returned to inform Plaintiff that those were not his pills and asked if he had taken them.  *Id.*  Plaintiff informed Defendant that he had taken the pills.  *Id.*  Then, Defendant handed Plaintiff a new cup of pills, which Defendant claimed were Plaintiff's correct medications.

2

*Id.* Before taking the second dose of medication, Plaintiff asked Defendant "whether he would be okay," and Defendant "assured him that he would be ok." *Id.* Plaintiff took the second dose of pills. *Id.* Plaintiff claims that Defendant "did not call for medical attention after giving Plaintiff medications prescribed to another inmate, nor did he call for help after giving Plaintiff medications known to interact with one another." *Id.* at 8.

The next day, January 18, 2023, at around 7:00 a.m., Plaintiff "was found on the floor of his cell, unresponsive in a nearly comatose state, lying on his right side." *Id.* Correctional officers summoned medical personnel, who administered "five (5) rounds of Narcan" to Plaintiff, but the Narcan "did not result in any change to [his] condition." *Id.* Plaintiff was then transferred by ambulance to Marin Health Medical Center, where he was booked into the Intensive Care Unit. *Id.* He spent seven days in the hospital before he returned to SQSP. *Id.*

Plaintiff claims "[a]s a result of the incident, [he] experienced acute metabolic toxic encephalopathy,[2] acute kidney injury, swelling and loss of use of his right arm, decreased lunch functioning, and hip pain." *Id.* He also alleges that he "suffered and continues to suffer lasting psychological and physiological effects from the incident, including but not limited to insomnia, PTSD, depression, anxiety, and fatigue." *Id.*

Liberally construed, the complaint states cognizable Eighth Amendment claims against Defendant for deliberate indifference to Plaintiff's serious medical needs when Defendant: "(1) gave Plaintiff medications known to interact with one another and (2) did not call for medical attention." *Id.* at 9.

C.  **State Law Claim**

Plaintiff alleges that Defendant's failure to summon medical care, after discovering that Plaintiff had ingested medications that were not prescribed to him, violates California tort law. *Id.* at 10-11. The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of

---

[2] Encephalopathy means damage or disease that affects the brain. *See* https://www.webmd.com/brain/what-is-encephalopathy (last visited June 11, 2025).

the United States Constitution.'" 28 U.S.C. § 1367(a).

Liberally construed, Plaintiff's allegations satisfy the statutory requirement. Accordingly, the court will exercise supplemental jurisdiction over plaintiff's state law claim.

### III. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff's complaint states a cognizable claim of deliberate indifference to his medical needs against Defendant. The court will also exercise supplemental jurisdiction over Plaintiff's state law claim.

2. The following Defendant(s) shall be served: **Psychiatric Technician Kifle Melisse at SQSP.** Service on the listed Defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons.

No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office, which, within **twenty-one (21) days**, shall file with the court a waiver of service of process for the Defendant(s) who are waiving service and, within **twenty-eight (28) days** thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the Defendant(s) who waived service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each

Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 form and copies of this order, summons, operative complaint and notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

The clerk shall also mail a copy of the operative complaint and a copy of this order to the State Attorney General's Office in San Francisco. Additionally, the clerk shall mail a copy of this order to Plaintiff.

3. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If Defendant has not waived service and have instead been served by the USMS, then Defendant shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

4. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date the answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[3] notice

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1  so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to

2  oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out

3  in Rand must be served concurrently with motion for summary judgment). A motion to dismiss

4  for failure to exhaust available administrative remedies must be accompanied by a similar notice.

5  However, the court notes that under the new law of the circuit, in the rare event that a failure to

6  exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule

7  12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.

8  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315

9  F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative

10 remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a

11 defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on

12 the face of the complaint, Defendant must produce evidence proving failure to exhaust in a motion

13 for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most

14 favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under

15 Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the

16 district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at

17 1168.

18       If Defendant is of the opinion that this case cannot be resolved by summary judgment,

19 Defendant shall so inform the court prior to the date the summary judgment motion is due. All

20 papers filed with the court shall be promptly served on Plaintiff.

21       b.    Plaintiff's opposition to the dispositive motion shall be filed with the court

22 and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's

23 motion is filed.

24       c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of

25 the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you

26 must do in order to oppose a motion for summary judgment. Generally, summary judgment must

27 be granted when there is no genuine issue of material fact—that is, if there is no real dispute about

28 any fact that would affect the result of your case, the party who asked for summary judgment is

entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendant argues that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.        Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

  5.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

  6.  All communications by Plaintiff with the court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

  7.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the pro se party indicating a current address. *See* L.R. 3-11(b).

  8.  Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: June 13, 2025

_____
DONNA M. RYU
Chief Magistrate Judge

8